534

## UNITED STATES v. RESNICK.
### No. 963–M.

District Court, S. D. Florida,
Miami Division.

July 7, 1944.

Fred W. Botts, Asst. U. S. Atty., of Miami, Fla., for plaintiff.

McKay, Dixon & DeJarnette, of Miami, Fla., for defendant.

HOLLAND, District Judge.

The complaint for injunction against defendant, Sam Resnick, was filed May 20, 1944. Thereby the Government seeks to enjoin the defendant from continuing the construction in Miami, Florida, of a residence allegedly under construction by the defendant, and contrary to Conservation Order L–41, as amended March 7, 1944, adopted by War Production Board, under the Second War Powers Act, 1942, 50 U.S.

C.A. Appendix, § 631 et seq. A temporary injunction was issued, after hearing testimony, on May 27, 1944. The defendant answered under date of June 24, 1944. Further evidence on the merits of the case was heard on July 1, 1944, and the matter taken under advisement.

Defendant Resnick, long a resident of Dade County, Florida, having voluntarily retired from active business as a plumbing contractor, is desirous of building a residence for his married daughter, who with her children is having difficulty in finding living quarters for residential purposes in this community. Defendant as a retired contractor was in a very favorable position toward securing, obtaining and furnishing large quantities of used building materials. He and members of his family furnished their own labor, and friends undertook to furnish labor to the defendant, which labor was paid for by the friends. These friends were of long-standing, and paid for this labor with no hope of reward from or repayment by defendant Resnick. It is the furnishing of this so-called "donated labor" that gives rise to this controversy.

The Conservation Order L–41 was adopted by the War Production Board. Under sub-paragraph (b) it undertakes to define what is meant by "construction." Construction includes putting up or altering any sort of structure, including a building. Under sub-paragraph (c) the limits for all jobs begun in the same year include "$200.00 per house, including the entire residential property." Under this paragraph (c), sub-paragraph (i) is referred to as furnishing an explanation of how to "figure costs." Turning to sub-paragraph (i), it is provided that the cost of used material or used fixtures may be disregarded. It is further provided that all new material must be included, no matter how the same is obtained. It is further provided that the cost of labor must be included, but that unpaid labor need not be included.

I hold that if the labor, that is the laborer, is unpaid, such need not be included. The non-included unpaid labor is not limited to the situation where the owner does not pay the laborer, but all labor must be unpaid by anyone, otherwise it should be included in the cost of construction. Where laborers were actually paid for their labor by friends of defendant Resnick, such cost of labor should be included in the cost of the construction. I thus dispose of the real legal question involved in this case.

It is clear that the defendant should be enjoined from further accepting from friends paid labor.

The question remains whether defendant's good faith in his acceptance of paid labor from friends entitles him to proceed with his construction, by completing his building with unpaid labor alone. This would be within the letter of the law though not within the spirit of the law. But the fact remains that the defendant would thereby unjustly profit in that he would enjoy a character of construction of which any other citizen would be deprived. Unlike a case where a violator of the law makes full restitution, and satisfies a court that he no longer intends to do that which is judicially construed he cannot do, this case presents the situation where the donated labor cost cannot be withdrawn from the structure as now partially erected, and to permit defendant to go on with the construction would give him an advantage over others similarly situated to which he is not entitled. See Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587; Fleming, etc., v. Jacksonville Paper Co. et al., 5 Cir., 128 F.2d 395, and Walling v. Florida Hardware Co., 5 Cir., 142 F.2d 444.

Permanent injunction should be granted.

Orders may be presented.